19457

Steve McNEELY, Appellant, v. SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Respondent

(190 S. E. (2d) 499)

40

*Messrs. Melvin L. Roberts,* and *Levy S. Alford,* of York, for *Appellant,*

*Forrest C. Wilkerson, Esq.,* of *Roddey, Sumwalt & Carpenter,* of Rock Hill, *for Respondent,*

July 18, 1972.

*Per Curiam:*

We are of the opinion that the order of the Honorable J. B. Ness in the court below properly sets forth and disposes of all the issues submitted to this Court on appeal. The estoppel issue argued by appellant in his brief was not made by the pleadings nor raised in the exceptions. Accordingly that issue is not before this Court.

The order of Judge Ness (with deletions of matters unnecessary to proper disposition of the case) shall be printed as the directive of this Court.

## ORDER OF JUDGE NESS

This is an action to recover for a total loss under a policy of fire and windstorm insurance. The case was called for trial before me and a jury at the fall term of the Court Of Common Pleas of York County, at which time it was agreed between the attorneys for the parties that the jury would decide solely the question of whether or not the property was a total loss, and that the Court would decide as a matter of law the issue as to the amount of liability under Section 37-154 of the 1962 Code of Laws of this State.

The jury rendered a verdict finding that the property was a total loss, hence the sole issue to be decided concerns the claimed right of the insurer to replace the property destroyed rather than paying the full amount of the policy.

The defendant, Farm Bureau Mutual Insurance Company, issued to the plaintiff, Steve McNeely, a policy of insurance under which a mobile home owned by the plaintiff was insured against loss by fire in the amount of Six Thousand ($6,000.00) Dollars. The policy also insured the mobile home against loss by windstorm. The mobile home was totally destroyed by windstorm while the policy was in full force and effect. Upon the filing of proof of loss, the defendant notified the plaintiff that it elected to replace the building destroyed with another of like kind and quality instead of paying the amount of insurance, relying upon the following policy provisions: "It shall be optional with this Com-

pany to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time on giving notice of its intention so to do within thirty days after the receipt of the proof of loss herein required."

The plaintiff refused to accept this and took the position that the policy provisions, construed in connection with the applicable statutes, required the defendant to pay the face amount of the insurance. The parties were unable to agree upon an adjustment of the loss, and this action was brought to recover the sum of Six Thousand ($6,000.00) Dollars, the face amount of the policy.

As heretofore stated the sole question before this Court involves the claimed right of the insurer to replace the property destroyed rather than pay the full amount of the policy.

The plaintiff relies upon Section 37-154 of the 1962 Code of Laws. This section provides, in part, as follows:

"No company writing fire insurance policies, doing business in this State, shall issue a policy for more than the value stated in the policy or the value of the property to be insured, the amount of insurance to be fixed by the insurer and insured at or before the time of issuing the policy. In case of total loss by fire the insured shall be entitled to recover the full amount of insurance, and in case of a partial loss the insured shall be entitled to recover the actual amount of the loss, but in no event more than the amount of the insurance stated in the contract.***"

As stated in the case of *Tedder v. Hartford fire insurance company*, 246 S. C. 163, 166, 143 S. E. (2d) 122, 123:

"Under settled principals, this statute forms a part of every fire insurance policy issued in this State and any policy provisions in conflict with the statute are null and void."

This section plainly says that "in case of total loss by fire the insured shall be entitled to recover the full amount of insurance" provided by the policy. It is

agreed that the amount of insurance was Six Thousand ($6,000.00) Dollars and that the property insured was totally destroyed by windstorm. Therefore, under the clear language of the statute, the plaintiff would be entitled to recover the sum of Six Thousand ($6,000.00) Dollars, the amount of insurance which his policy admittedly provided, if the mobile home had been destroyed by fire; however, the question now arises as to whether or not this statute is applicable when the mobile home was destroyed by windstorm.

Section 37-154 of the 1962 Code of Laws of South Carolina requires the parties to a fire insurance contract to agree upon the value of the property to be insured and require that such value be stated in the policy.

Prior to 1947 the statute read as follows:

"No fire insurance company or individuals writing fire insurance policies, doing business in the State, shall issue policies for more than the value to be stated in the policy, the amount of the value of the property to be insured, and the amount of insurance to be fixed by insurer and insured at or before the time of issuing said policies, and in case of total loss by fire, the insured shall be entitled to recover the full amount of insurance and a proportion amount in case of partial loss . . ."

In 1947, the Legislature amended this Statute slightly however, in both the original statute and the amended statute the Legislature included the the language "total loss by fire." Had the Legislature intended either statute to apply to loss by windstorm, it would have been a simple matter to so state. The 1947 amendment was to clear up any ambiguity that existed in the event of partial loss which we are not concerned with in the instant case. It is patently clear to me that the Legislature stated and intended in clear and unambiguous terms that "in case of total loss—" and described the manner by using the words "by fire."

There is nothing contained within the policy, or that I can find in the South Carolina Statutes or case law, which affect the coverage to the extent of the actual

cash value as to wind damage. As recently stated by our Supreme Court in the case of the *State of South Carolina v. Pilot Life Insurance Company*, 186 S. E. (2d) 262:

"It is not permitted to interpret what has no need of interpretation. When an act is expressed in clear and precise terms, when the sense is manifest and leads to nothing absurd, there can be no reason not to adopt the sense which it naturally presents. To go else where in search of conjectures in order to restrain or extinguish it is to elude it."

The act here is perfectly clear, if the Legislature had intended for a valued policy to control in case of loss by windstorm, it could have very easily so stated. I am clearly of the opinion that the defendant is only liable for the actual value of the property destroyed.

Under the terms of the subject policy the Defendant is afforded two options:

(1) "To take all, or any part, of the property at the agreed or appraised value" or

(2) " . . . to replace the property destroyed . . . with other of like kind and quality within a reasonable time, on giving notice of its intention to do so within thirty (30) days after the receipt of proof of loss herein required."

*It is therefore ordered:*

(1) That the Defendant is not liable under the valued policy statute for the loss incurred.

\* \* \*

(3) That the Defendant comply with the terms of the policy to replace or rebuild the property destroyed or to pay to the plaintiff in cash the actual value of the Plaintiff's mobile home at the time it was destroyed.

It is *Further ordered* that if the Defendant elects to pay to the Plaintiff in cash the actual value of the mobile home at the time it was destroyed that this case be placed on the Common Pleas calendar for determination by a jury of the

amount of the loss as it relates to the actual cash value or that the parties may if they mutually agree refer this matter to the Master of York County to take testimony and determine this question.