1308

Benjamin F. CHESTNUT, Respondent v. SOUTH CAROLINA FARM
BUREAU MUTUAL INSURANCE COMPANY, Appellant.

(378 S. E. (2d) 613)

Court of Appeals

*Louis D. Nettles*, of *Nettles & Nettles*, Florence, *for
appellant.*

*Thomas E. Smith, Jr.,* Pamplico, *for respondent.*

Heard Feb. 21, 1989.

Decided March 27, 1989.

Goolsby, Judge:

The respondent Benjamin F. Chestnut brought this declaratory judgment action seeking a determination regarding coverage under the uninsured motorist provisions of a liability policy issued to him by the appellant South Carolina Farm Bureau Mutual Insurance Company. The trial court granted Chestnut summary judgment. Farm Bureau appeals. The dispositive issue on appeal is whether an insured involved in a motor vehicle accident with an unknown vehicle can recover under his or her uninsured motorist coverage when there was no physical contact with the unknown vehicle and only the owner and operator of the insured vehicle witnessed the accident. We reverse.

On September 7, 1987, Chestnut was riding in his automobile, which was being driven by a friend, when an unidentified vehicle forced his automobile off the road. As a result, Chestnut's automobile and a boat and trailer in tow were damaged. No one witnessed the accident other than Chestnut's friend and Chestnut himself. There was no physical contact between the unidentified vehicle and Chestnut's car. The owner or operator of the unidentified vehicle is unknown.

Chestnut, who had no collision coverage, submitted a claim to Farm Bureau under the uninsured motorist provisions of his liability policy. Farm Bureau denied the claim, contending both Section 38-77-170 of the South Carolina Code of Laws (1976 & Cum. Supp. 1987) and Chestnut's policy require that there be either physical contact with the unidentified vehicle causing damage or a witness to the accident other than the owner or operator of the damaged motor vehicle before an accident can be deemed covered and here there was neither.

Prior to its amendment in 1987, Section 56-9-850 of the South Carolina Code of Laws (1976), the predecessor to Section 38-77-170, entitled "Conditions to sue or recover under uninsured motorist provision when owner or operator of motor vehicle causing injury or damages is unknown," provided:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured be unknown, there shall be no right of action or recovery under the uninsured motorist provision, unless

(1) The insured or someone in his behalf shall have reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence and unless

(2) The injury or damage was caused by physical contact with the unknown vehicle, and

(3) The insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

Section 56-9-850, however, was amended in 1987 and recodified as Section 38-77-170. The latter provides:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;

(2) the injury or damage was caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle;

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

The language of the new statute is almost identical to that of the old statute, except that the words "and unless" at the end of the first condition and the word "and" at the end of the second condition have been deleted and replaced by semicolons. The second condition was also changed so as to require either physical contact with the uknown vehicle or an independent witness to the accident.

It is undisputed that, prior to the amendment of Section 56-9-850, an insured had to satisfy all three of the statute's conditions in order to recover under his uninsured motorist coverage. The insured could not recover if he or someone in his behalf did not report the accident or there had been no physical contact or the insured negligently failed to identify the other vehicle or its driver. *See e.g., Davis v. Doe*, 285 S. C.

538, 331 S. E. (2d) 352 (1985) (physical contact is not present when contact is with an unattached portion of the unknown vehicle).

Chestnut argues the legislature, by deleting the words "and unless" and the word "and" from the first and second conditions, respectively, intended to permit recovery if any one of the three conditions is satisfied. *See Vernon v. Harleysville Mutual Casualty Co.*, 244 S. C. 152, 135 S. E. (2d) 841 (1964) (it is presumed that the legislature, in adopting an amendment to a statute, intended to make some change in the law). We disagree.

In determining the meaning of a statute, the words used therein must be given their plain and ordinary meaning, nothing to the contrary appearing. *Multimedia, Inc. v. Greenville Airport Commission*, 287 S. C. 521, 339 S. E. (2d) 884 (Ct. App. 1986). If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right either to look for or to impose another meaning. *Wynn v. Doe*, 255 S. C. 509, 180 S. E. (2d) 95 (1971). Where a statute has been revised, the construction given the original statute will be applied to the revised statute, unless the language of the revised statute plainly requires a change of construction. *Town of Forest Acres v. Seigler*, 224 S. C. 166, 77 S. E. (2d) 900 (1953).

In the instant case, the plain language of Section 38-77-170 requires, as before, that all three conditions following the word "unless" be met before an insured may recover under the insured's uninsured motorist coverage. Nothing in the revised statute's language or in its legislative history suggests that the legislature, by deleting the connective language from the first and second conditions and replacing the deleted language with semicolons, intended to allow an insured to recover under the insured's uninsured motorist coverage by merely satisfying any one of the conditions set forth therein. *See Robertson v. State*, 276 S. C. 356, 278 S. E. (2d) 770 (1981) (wherein the Supreme Court concluded, after a review of a statute's legislative history which revealed no specific reason for a change in its wording, that the legislature did not intend the change to affect

substantial rights); *State v. Pilot Life Insurance Co.*, 257 S. C. 383, 186 S. E. (2d) 262 (1972) (punctuation later inserted should not be allowed to change the meaning of the original statute).

The revised statute simply provides an alternate method of satisfying the second condition. This condition can now be met by either evidence of physical contact with the unknown vehicle or evidence provided by an independent witness to the accident.

Reversed.

SHAW and BELL, JJ., concur.