24005

*Janette MILLER, Respondent v. John DOE, Appellant.*
(441 S.E. (2d) 319)

Supreme Court

---

[2] S.C. Code Ann. §§ 27-40-10 to -940 (1991).
[3] *See Watson v. Sellers,* 299 S.C. 426, 385 S.E. (2d) 369 (Ct. App. 1989).
[4] *Cooke,* 741 F. Supp. at 1208.

*Charles E. Carpenter, Jr., R. Davis Howser,* and *Deborah L. Harrison,* all of *Richardson, Plowden, Grier & Howser,* Columbia, *for appellant.*

*Frank A. Barton,* of *J. Marvin Mullis,* Columbia, *for respondent.*

Heard Jan. 5, 1994.

Decided Feb. 7, 1994.

FINNEY, Justice:

This is an appeal of a personal injury action to determine liability and damages for injuries arising out of an automobile accident involving an unknown motorist.

## FACTS

The respondent was a passenger in a vehicle owned and operated by Mary Miller. The two were involved in a non-contact accident with an unknown vehicle operated by an unidentified driver. Respondent claims that the unknown driver failed to dim his lights thus temporarily blinding Mary Miller and causing her to lose control of her car and run off of the road. Respondent and Mary were the only witnesses to the accident.

Respondent sought recovery for her injuries sustained in the accident from Mary's insurer, State Auto Property and Casualty Insurance Company. The parties arrived at an

agreement whereby the insurer would pay respondent $7,500 if it was determined that she had a right of action or recovery under S.C. Code Ann. § 38-77-170 (1989). Section 38-77-170 provides in pertinent part that:

> If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:
>> (1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;
>> (2) the injury or damage was caused by physical contact with the unknown vehicle, or the *accident must have been witnessed by someone other than the owner or operator of the insured vehicle;* provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;
>> (3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

(Emphasis added.)

The parties agreed to submit the sole legal issue to the trial court on Stipulations of Fact and memoranda. The trial court found that respondent had a right to recover uninsured motorist coverage benefits under § 38-77-170 and was entitled to the payment of $7,500 from the insurer. This appeal follows.

## DISCUSSION

An insured cannot recover uninsured motorist coverage unless the three conditions under § 38-77-170 are met. John Doe, represented by Mary Miller's insurer, contends that the second requisite condition has not been met. Specifically, since there was no physical contact involved in the accident, the attesting witness requirement has not been met. Appellant asserts that the respondent cannot be her own witness because she has a vested interest in the outcome. Appellant urges that the legislature intended that an attesting witness be an independent, disinterested witness to the accident. Furthermore, appellant argues that allowing an injured passenger to be her

own attesting witness defeats the legislative intent and increases the possibility of false claims.

Respondent argues that under the clear language of § 38-77-170, the only persons excluded from acting as attesting witnesses are the owner or operator of the insured vehicle. Respondent asserts that since she was neither the owner or the operator, she should not be excluded from acting as a witness. The trial court agreed with respondent.

Appellant cites *Chestnut v. South Carolina Farm Bureau Mutual Ins.*, 298 S.C. 151, 378 S.E. (2d) 613 (Ct. App. 1989) and *Wausau Underwriters Ins. Co. v. Howser*, — S.C. —, 422 S.E. (2d) 106 (1992) to support his contention that the witness must be an independent person. While in both cases the Courts used the term "independent witness," neither case addresses the question of whether an injured passenger can be an attesting witness.

The statutory language is plain and clear. There is no statutory requirement that the witness be a person who is not making a claim. In determining the meaning of a statute, the terms used therein must be taken in their ordinary and popular meaning, nothing to the contrary appearing. *Citizens for Lee County v. Lee County*, 308 S.C. 23, 416 S.E. (2d) 641 (1992). If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning. *Wynn v. Doe*, 255 S.C. 509, 180 S.E. (2d) 95 (1971).

The plain language of the statute excludes only the *owner* or *operator* from being an attesting witness to an accident involving an unknown vehicle. The legislature amended § 38-77-170(2) in 1987 to provide an alternative to physical contact by allowing a witness to confirm the accident. The statute was amended effective July 1, 1989, to add the requirement that the witness attest to the accident subject to criminal penalties for false statements.[1] The legislature had the opportunity to further restrict the witness to independent and disinterested persons, but did not do so. Instead, the legislature chose to exclude as witnesses only the owner or operator of the insured vehicle.

---

[1] Section 38-77-170 has not been amended since 1989.

## CONCLUSION

The statute clearly states that the witness must be someone other than the owner or operator of the insured vehicle. Therefore, we find that the respondent is an appropriate witness. Accordingly, respondent has a right of recovery for uninsured motorist coverage benefits pursuant to § 38-77-170.

Affirmed.

CHANDLER, TOAL and MOORE, JJ., concur.

HARWELL, C.J., not participating.