**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

James Wesley Patterson, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2017-000486

-----

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

-----

Unpublished Opinion No. 2018-UP-223
Submitted May 1, 2018 – Filed June 6, 2018

-----

**AFFIRMED**

-----

James Wesley Patterson, pro se.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

-----

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Barton v. S.C. Dep't of Prob., Parole & Pardon Servs.*, 404 S.C. 395, 414, 745 S.E.2d 110, 120 (2013) ("Statutory interpretation is a question of law subject to de novo review."); S.C. Code Ann. § 24-13-100 (2007) ("For purposes

of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony . . . ."); S.C. Code Ann. § 16-1-90(A) (2015 & Supp. 2017) (classifying manufacturing methamphetamine, third offense, as a class A felony); S.C. Code Ann. § 24-13-150(A) (2007 & Supp. 2017) (providing that "an inmate convicted of a 'no parole offense' . . . is not eligible for early release, discharge, or community supervision . . . until [he] has served at least eighty-five percent" of his sentence); S.C. Code Ann. § 44-53-375(B)(3) (2018) ("Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this subsection for a third or subsequent offense *in which all prior offenses were for possession* of a controlled substance . . . is eligible for parole . . . ." (emphasis added)); *Bolin v. S.C. Dep't of Corrs.*, 415 S.C. 276, 282, 781 S.E.2d 914, 917 (Ct. App. 2016) ("The legislature's use of the phrase, 'Notwithstanding any other provision of law,' in the amendments to section[] 44-53-375 . . . expresses its intent to repeal section 24-13-100 *to the extent* it conflicts with amended section[] 44-53-375 . . . ."); *Miller v. Doe*, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994) ("If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning.").

**AFFIRMED.**[1]

**HUFF, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.