**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Quentin Holt, Appellant,

v.

South Carolina Department of Probation, Parole and Pardon Services, Respondent.

Appellate Case No. 2016-002499

---

Appeal From The Administrative Law Court
Deborah Brooks Durden, Administrative Law Judge

---

Unpublished Opinion No. 2018-UP-235
Submitted April 1, 2018 – Filed June 6, 2018

---

**AFFIRMED**

---

Elizabeth Anne Franklin-Best, of Blume Norris & Franklin-Best LLC, of Columbia, for Appellant.

Tommy Evans, Jr., of the South Carolina Department of Probation, Parole and Pardon Services, of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *Barton v. S.C. Dep't of Prob., Parole and Pardon Servs.*, 404 S.C. 395, 414, 745 S.E.2d 110, 120 (2013) ("Statutory interpretation is a question of law

subject to de novo review."); S.C. Code Ann. § 24-13-100 (2007) ("For purposes of definition under South Carolina law, a 'no parole offense' means a class A, B, or C felony . . . ."); *Bolin v. S.C. Dep't of Corr.*, 415 S.C. 276, 279, 781 S.E.2d 914, 915 (Ct. App. 2016) ("Whether a felony is a Class A, B, or C felony depends on the maximum sentence for the felony—a Class A felony is a felony punishable by not more than thirty years, a Class B felony is a felony punishable by not more than twenty-five years, and a Class C felony is a felony punishable by not more than twenty years."); S.C. Code Ann. § 44-53-375(B)(3) (2018) ("A person who . . . possesses with intent to distribute, . . . is guilty of a felony, and upon conviction: . . . for a third or subsequent offense, the offender must be imprisoned for not . . . more than thirty years . . . ."); *id.* ("Notwithstanding any other provision of law, a person convicted and sentenced pursuant to this subsection for a third or subsequent offense *in which all prior offenses were for possession* of a controlled substance . . . is eligible for parole . . . ." (emphasis added)); *Bolin*, 415 S.C. at 282, 781 S.E.2d at 917 ("The legislature's use of the phrase, 'Notwithstanding any other provision of law,' in the amendments . . . expresses its intent to repeal section 24-13-100 *to the extent it conflicts* with amended sections 44-53-375 . . . ." (emphasis added)); *Miller v. Doe*, 312 S.C. 444, 447, 441 S.E.2d 319, 321 (1994) ("If a statute's language is plain and unambiguous and conveys a clear and definite meaning, there is no occasion for employing rules of statutory interpretation and the court has no right to look for or impose another meaning.").

**AFFIRMED.**[1]

**SHORT, THOMAS, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.