16095

MARKS *ET UX.* v. INDUSTRIAL LIFE & HEALTH INS. CO.
(48 S. E. (2d) 445)

*Messrs. Leatherwood & Walker,* of Greenville, and *O. L. Long,* of Laurens, for Appellant,

*Mr. W. Hummel Harley,* of Laurens, for Respondents,

June 18, 1948.

TAYLOR, J.: This appeal comes to this court from the Court of Common Pleas of Laurens County where respondents were awarded damages allegedly sustained through negligence of the appellant in causing and allowing a water closet which was situated on the floor immediately above to overflow and damage respondents' stock of goods.

Respondents operated a ladies' ready to wear store on the ground floor and appellants maintained an office on the floor immediately above. There was another office occupied by the City Finance Company on the same floor and a toilet so located as to be used by these tenants. On the morning of April 10, 1946, respondents opened their place of busi-

ness to find water from this toilet seeping from the floor above.

Respondents brought suit for damages against their co-tenant Industrial Life and Health Insurance Company without joining the other tenant, City Finance Company, or the landlord, alleging that their damages were caused by the wilful, wanton, careless and negligent acts of the appellants' agents and employees.

"As a general rule, a tenant in possession and control of premises will be liable for injury to the property of persons lawfully on the premises caused by the tenants' negligent use or maintenance of the premises.

"A lessee of a portion of a building leased to several tenants is liable to a co-tenant for damage to the latter's property arising from the negligence of the former with respect to the part of the building leased to him. Thus, a tenant will be liable for injuries to the property of a cotenant on a lower floor resulting from the negligence of the tenant of an upper floor in allowing water to escape, when the latter is in exclusive possession of the premises where the negligence occurred, but the mere escape of water to the damage of the tenant below does not render the tenant of the upper floor liable therefor in the absence of proof of negligence." 52 C. J. S., Landlord and Tenant, §§ 437, 438, page 115.

Testimony was adduced to the effect that at approximately 11:00 or 11:30 p. m. on or about April 9th, one William Wallace, while walking along the street, was hailed by a man in appellants' place of business, and asked to come up the stairs to such place of business. Upon doing so, he was informed by a peron he did not know that he wished to sell him (the witness) some insurance. This person was drinking heavily and there were some beer bottles and at least one whiskey bottle and a book similar to those carried by insurance collectors on the table. Wallace went no farther than

the door of defendant's office and although he saw no one but the person he had the conversation with, he heard at least two others talking therein. He did not care to buy insurance and so informed the occupant and was preparing to leave when he called attention to water running from the toilet out on the floor and was told to "Never mind the water he was selling insurance". Witness Wallace further testified that he was familiar to some extent with the premises and that the City Finance Company also had an office on that floor but that this office was dark and that apparently no one was there. Testimony was further adduced to the effect that this toilet is a private and not a public one. There is no evidence of faulty plumbing or of any such damage either before or after the occasion in question.

Appellant contends that this and the other evidence adduced was not sufficient to submit the case to the jury and that its motion for a directed verdict should have been granted.

Under the Scintilla rule which prevails in South Carolina, if there is a scintilla of evidence, which is any material evidence that if true would tend to establish the issue in the mind of a reasonable juror the case should be submitted to the jury for its determination. *Taylor v. Atlantic Coast Line Railway Co.,* 78 S. C. 552, 566, 59 S. E. 641, 643; *Bushardt v. United Investment Company,* 121 S. C. 324, 113 S. E. 637, 639, 35 A. L. R. 637; *Turner v. American Motorist Insurance Company,* 176 S. C. 260, 180 S. E. 55; *Crawford v. Town of Winnsboro et al.,* 205 S. C. 72, 30 S. E. (2d) 841; *Ratcliff v. Southern Aviation School et al.,* 209 S. C. 411, 412, 40 S. E. (2d) 626; *Cox v. McGraham,* 211 S. C. 378, 45 S. E. (2d) 595.

The attending circumstances along with the direct testimony may be taken into account by the jury in arriving at its decision as any fact in issue may be established by circumstantial evidence, if the circumstances,

which must themselves be proven, lead to the conclusion with reasonable certainty. A well connected train of circumstances is as cogent of the existence of a fact as any array of direct evidence and may even outweigh opposing direct testimony. It is sufficient if there is evidence from which the fact can properly be inferred—Sec. 32 C. J. S., Evidence, § 1039, pages 1099, 1100. Inferences drawn from physical facts may be as strong as direct evidence, such inferences amounting to circumstantial evidence when sufficiently strong is as competent to prove a fact as direct evidence. *Powe v. Atlantic Coast Line Ry. Co.*, 161 S. C. 122, 159 S. E. 473; *McCready v. Atlantic Coast Line Ry. Co.*, S. C., 48 S. E. (2d) 193.

For the foregoing reasons this court is of the opinion that all exceptions should be dismissed and the judgment of the circuit court affirmed and it is so ordered.

BAKER, C. J., and FISHBURNE, STUKES and OXNER, JJ., concur.