23862

Ex parte The SOUTH CAROLINA FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant, In re Pamela PARRISH, Respondent v. Linda Starnes KOONTZ, Defendant. Steven W. PARRISH, Respondent v. Linda Starnes KOONTZ, Defendant.

(431 S.E. (2d) 252)

Supreme Court

*Jack D. Griffeth,* of *Love, Thornton, Arnold & Thomason, P.A.,* Greenville, *for appellant.*

*Constantine Christophillis,* of *Culbertson, Christophillis & Sauvain, P.A.,* Greenville, *for respondents.*

Submitted Apr. 20, 1993; Decided May 17, 1993.

Reh. Den. June 29, 1993.

CHANDLER, Justice:

Appellant South Carolina Farm Bureau Mutual Insurance Company (Farm Bureau) appeals the denial of summary judgment based upon a statute of limitations defense.
We affirm.

## FACTS

On January 21, 1989, Respondent Pamela Parrish was involved in a car wreck with Defendant Linda Starnes Koontz. Subsequently, Parrish and her husband, Respondent Steven Parrish sued Koontz. This action was filed January 17, 1992, prior to the three-year statute of limitations.[1]

The Parrishes carried underinsured motorist coverage with Farm Bureau, which was served with notice of the above action through the Insurance Commissioner on January 29, 1992.

Farm Bureau moved for summary judgment, contending that, pursuant to S.C. Code Ann. § 38-77-160 (Supp. 1992), the three-year statute of limitations barred its liability. Trial Court denied summary judgment,[2] holding that § 38-77-160 is not a statute of limitations but, rather, a notice statute.

## ISSUE

Is § 38-77-160 a notice of statute or a statute of limitations?

---

[1]South Carolina Code Ann. § 15-3-530 (Supp. 1992).

[2]An Order denying summary judgment is interlocutory and not generally appealable. *Willis v. Bishop,* 276 S.C. 156, 276 S.E. 92d) 310 (1981). However, the Order on appeal here, in effect, strikes a portion of Farm Bureau's Answer and, therefore, is appealable pursuant to S.C. Code Ann. § 14-3-330(2)(c) (1976).

## DISCUSSION
Section 38-77-160 provides in pertinent part:

> § 38-77-160. Additional uninsured motorist coverage; underinsured motorist coverage. [See parent volume for first undesignated paragraph].
>
> No action may be brought under the underinsured motorist provision *unless copies of the pleadings in the action establishing liability are served in the manner provided by law* upon the insurer writing the underinsured motorist provision. The insurer has the right to appear and defend in the name of the underinsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear. The evidence of service upon the insurer may not be made a part of the record. In the event the automobile insurance insurer for the putative at-fault insured chooses to settle in part the claims against its insured by payment of its applicable liability limits on behalf of its insured, the underinsured motorist insurer may assume control of defense of action for its own benefit. No underinsured motorist policy may contain a clause requiring the insurer's consent to settlement with the at-fault party. (Emphasis supplied.)

Farm Bureau argues that the language "in the manner provided by law" of § 38-77-160 mandates that it be served within three years, as must a party-defendant pursuant to § 15-3-530 (Supp. 1992). We disagree.

"In construing a statute, its words must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." *First Baptist Church v. City of Mauldin,* — S.C. —, 417 S.E. (2d) 592, 593 (1992). Moreover, a statute of limitations "must contain within itself a specific statement limiting the time within which an action is to be brought." *Hardee v. Lynch,* 212 S.C. 6, 16-17, 46 S.E. (2d) 179, 183 (1948).

Nothing in § 38-77-160 creates a statute of limitations; indeed, the statute does not reference § 15-3-530. The language "in the manner provided by law" modifies the manner of service, requiring that the insured serve the insurance carrier through the Insurance Commissioner as provided in § 16-9-

270 (Supp. 1992) and Rule 4, SCRCP. Clearly, the purpose of the statute is to provide notice to the insurance company.

Accordingly, the Trial Court was correct in holding that § 38-77-160 is not a statute of limitations.

Affirmed.

HARWELL, C.J., and FINNEY, TOAL and MOORE, JJ., concur.