489 S.E.2d 651

**James E. FRANKLIN, Appellant,**

**v.**

**Edward R. DEVORE and John Doe,**

**of whom John Doe is, Respondent.**

**No. 2680.**

Court of Appeals of South Carolina.

Submitted May 6, 1997.

Decided June 16, 1997.

Rehearing Denied Sept. 4, 1997.

---

Stephen H. Cook, Koon & Cook, Columbia, for appellant.

William O. Sweeny, III and William R. Calhoun, Jr., Sweeny, Wingate, Murphy & Barrow, Columbia, for respondent.

STILWELL, Judge:

James E. Franklin brought this automobile negligence action against Edward R. Devore and unknown driver John Doe. Doe moved for and was granted summary judgment on the ground that the action was barred by the applicable statute of limitations. Franklin appeals. We reverse and remand.[1]

## FACTS

On May 29, 1992, Franklin was driving a vehicle owned by his employer, Midlands Technical College. American Southern Insurance Company ("American Southern") provided primary uninsured motorist coverage on the vehicle. Franklin contends that he and Devore were both driving west on U.S. Highway 1, when unknown driver Doe swerved left in front of Devore, causing Devore to swerve left and strike Franklin's vehicle. Franklin contends he suffered numerous injuries as a result of the accident.

On March 31, 1995, the Chief Insurance Commissioner of South Carolina accepted service of the summons and complaint on behalf of American Southern. American Southern tendered its full uninsured motorist limits of $15,000 on or about April 30, 1995.

Franklin had excess uninsured motorist coverage on his personal policy with State Farm Mutual Automobile Insurance Co. ("State Farm"). The Chief Insurance Commissioner accepted service of the summons and complaint on State Farm's behalf on July 20, 1995.

Defendant John Doe filed an answer dated August 18, 1995. Doe then moved for summary judgment, alleging the action was barred by the applicable statute of limitations because State Farm was not correctly served pursuant to S.C.Code Ann. § 38–77–150 (1989). Franklin argued that he had timely commenced his action under S.C.Code Ann. § 38–77–180 (1989), which does not require service on the insurer within the statute of limitations period. The trial court granted Doe's motion for summary judgment, holding that Franklin failed to serve State Farm within the time required by the

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.

general statute of limitations statute, S.C.Code Ann. § 15–3–530.

## LAW/DISCUSSION

### I.

Franklin first argues that the trial court erred in holding that § 38–77–180 did not allow service upon the clerk of court for defendant Doe. The trial court found the statute inapplicable for two reasons: first, because it only applies in cases where the plaintiff's injuries are the result of physical contact with the unknown vehicle and, second, because the statute "does not have the authority of ... S.C.Code Ann. §§ 15–9–270 (Supp.1995) (effective July 1, 1995), 38–77–150 (Supp.1995) (effective July 1, 1995), or 38–77–170 (Supp.1995)," all of which had been enacted or substantially amended since § 38–77–180 was enacted and recodified. We agree with Franklin that § 38–77–180 applied to the facts of this case.

The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Green v. Thornton*, 265 S.C. 436, 219 S.E.2d 827 (1975). In ascertaining the legislature's intent, statutes that are part of the same act must be read together. *Burns v. State Farm Mut. Auto. Ins. Co.*, 297 S.C. 520, 377 S.E.2d 569 (1989). The uninsured motorist legislation is remedial in nature, enacted for the benefit of injured persons, and is to be liberally construed so that the purpose intended may be accomplished. *Gunnels v. American Liberty Ins. Co.*, 251 S.C. 242, 161 S.E.2d 822 (1968).

S.C.Code Ann. § 38–77–180 provides as follows:

If the owner or operator of any vehicle causing injury or damages by physical contact is unknown, an action may be instituted against the unknown defendant as "John Doe" and service of process may be made by delivery of a copy of the summons and complaint or other pleadings to the clerk of the court in which the action is brought.

Here, Franklin asserted his injury was the result of physical contact and was caused by the unknown driver. The question before us is whether the statute requires the "physi-

cal contact" to be with the unknown vehicle in order for this statute to apply.

We note that, prior to its repeal in 1987, S.C.Code Ann. § 56–9–850 (1976) required that, in order to maintain a John Doe action under an uninsured motorist provision, the plaintiff's injury had to be caused by "physical contact with the unknown vehicle." Act No. 312, § 6, 1963 S.C. Acts 526. Now, under S.C.Code Ann. § 38–77–170 (Supp.1996), physical contact with the unknown vehicle is not necessary where the accident was witnessed by "someone other than the owner or operator of the insured vehicle."

It is apparent that the legislature, in recodifying our state's uninsured motorist law in 1987, merely failed to alter the language of its John Doe service statute, § 38–77–180 (formerly § 56–9–860 (1976)), to reflect the loosening of the conditions necessary to support a John Doe action under an uninsured motorist provision. Because we do not believe the legislature intended to expand the class of plaintiffs who can maintain a John Doe action but leave those plaintiffs with no method with which to serve their defendants, we find the "physical contact" referred to in § 38–77–180 need not be with the unknown vehicle.

We also disagree with the trial court's ruling that § 38–77–180 does not apply in this case because it does not have the force of more recent authority.

Two of the three changes in statutory law cited by the trial court concerning this ruling, namely, an amendment to S.C.Code Ann. § 15–9–270 (Supp.1996) (amendment effective July 1, 1995) and the enactment of S.C.Code Ann. § 38–77–150 (Supp.1996) (effective July 1, 1995), were not in effect at the time the accident that is the subject of this action occurred. Because we do not discern any clear intent on the part of the legislature that these statutes should be applied retroactively, we find they do not apply to this case. *Hercules Inc. v. South Carolina Tax Comm'n,* 274 S.C. 137, 262 S.E.2d 45 (1980).

The other statute cited by the trial court, § 38–77–170, does not mention service of process. Although the legislature did amend several statutes in the uninsured motorist area, it chose not to amend § 38–77–180. We therefore find that the

changes in the statutes, which took effect on July 1, 1995, do not supersede § 38–77–180 and cannot apply in this action.

## II.

■ Franklin also argues the trial court erred in holding Doe was entitled to summary judgment because he was not properly served within three years of the accident. We agree.

The relevant portion of S.C.Code Ann. § 38–77–150 states the following:

No action may be brought under the uninsured motorist provision unless copies of the pleadings in the action establishing liability are served in the manner provided by law upon the insurer writing the uninsured motorist provision. The insurer has the right to appear and defend in the name of the uninsured motorist in any action which may affect its liability and has thirty days after service of process on it in which to appear.

In *Ex parte South Carolina Farm Bureau Mut. Ins. Co.,* 314 S.C. 487, 431 S.E.2d 252 (1993), our supreme court interpreted this language in regard to an underinsured motorist statute with identical wording. *See* S.C.Code Ann. § 38–77–160 (Supp.1992). The language interpreted in that case is identical to the language cited above except that the word "underinsured" is substituted for "uninsured." In that case, the underlying tort action involving an automobile accident was commenced within the three-year statute of limitations, but the underinsured motorist carrier was not served through the Chief Insurance Commissioner within the three-year period. The underinsured motorist carrier argued that the language "in the manner provided by law" of § 38–77–160 mandated that the carrier be served within three years, as must a party defendant.

The supreme court disagreed, stating, "The language 'in the manner provided by law' modifies the manner of service, requiring that the insured serve the insurance carrier through the Insurance Commissioner as provided in § 15–9–270 (Supp. 1992) and Rule 4, SCRCP. Clearly, the purpose of the statute is to provide notice to the insurance company." *Id.* at 489, 431 S.E.2d at 253. The court further indicated that the language did not establish a statute of limitations because a statute of

limitations must contain within itself a specific statement limiting the time within which the action is to be brought.

Because the relevant statutory language here is identical to that interpreted in *Farm Bureau,* we find the supreme court's analysis mandates reversal of the trial court in this case. It is undisputed that Franklin completed the requirements of § 38–77–180 within the three-year statute of limitations period. The trial court's ruling that Franklin did not commence his action within the applicable statute of limitations was therefore in error. Accordingly, we reverse the trial court's grant of summary judgment against Franklin and remand this case for trial.

**REVERSED AND REMANDED.**

CURETON and HEARN, JJ., concur.