570 S.E.2d 545

**Angel Ann Brown GILLILAND, Respondent,**

v.

**John DOE, an unknown motorist, Appellant.**

No. 3544.

Court of Appeals of South Carolina.

Heard June 5, 2002.
Decided Aug. 26, 2002.
Rehearing Denied Oct. 17, 2002.

498

Samuel C. Weldon, of Greenville, for appellant.

John M. Croft, Samuel D. Harms, John R. Peace and Joel D. Bieber, all of Easley, for respondent.

PER CURIAM.

Angel Ann Brown Gilliland brought this automobile negligence action against unknown driver John Doe pursuant to S.C.Code Ann. § 38–77–170. Following a jury trial, Gilliland was awarded actual and punitive damages. Doe appeals. We reverse.

## FACTS/PROCEDURAL HISTORY

On March 26, 1996, Gilliland was injured in an automobile accident as she was returning from the store. According to Gilliland, several young men tried to get her attention in the parking lot as she was leaving the store. When she exited the

parking lot in her vehicle, she testified she was followed closely by these same young men and that, "they were right on my bumper and I was trying to get away ... I was scared." With the unknown vehicle behind her, Gilliland lost control of her car and ran off the road. The unknown vehicle never came in contact with Gilliland's vehicle.

Gilliland filed this action against Doe, the unknown driver of the unidentified vehicle, pursuant to section 38–77–170. She alleged Doe's pursuit of her caused her to run off the road and strike a tree. Gilliland suffered severe injuries as a result of the accident.

At trial, Gilliland presented the testimony of Gayle Norris who was traveling in the opposite direction at the time of the accident. Norris had stopped around the curve where Gilliland ran off the road to yield the right of way before turning left. Norris testified that Gilliland's car "came around the curve and come [sic] almost completely around the curve and then it just kind of went straight into a tree and a ditch." Norris also testified she saw the headlights of another vehicle shining on Gilliland's bumper just before Gilliland ran off the road.

A jury awarded actual damages to Gilliland in the amount of $110,880.00, and punitive damages in the amount of $96,250.00. This appeal follows.

## LAW/ANALYSIS

Doe argues the trial court erred in denying his motion for judgment notwithstanding the verdict, or, in the alternative, his motion for a new trial, as Gilliland's evidence was insufficient to satisfy the requirements of S.C.Code Ann. § 38–77–170. We agree.

"In ruling on motions for directed verdict or judgment notwithstanding the verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions." *Steinke v. S.C. Dep't of Labor, Licensing and Regulation*, 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999). "The trial court must deny the motions when the evidence yields more than one inference or its inference is in

doubt." *Id.* "This Court will reverse the trial court only when there is no evidence to support the ruling below." *Welch v. Epstein,* 342 S.C. 279, 300, 536 S.E.2d 408, 418 (Ct.App.2000) (citing *Steinke,* 336 S.C. 373, 520 S.E.2d 142 (1999); *Creech v. S.C. Wildlife & Marine Res. Dep't,* 328 S.C. 24, 491 S.E.2d 571 (1997)).

Section 38–77–170 provides the following:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;

(2) the injury or damage was *caused by physical contact with the unknown vehicle, or the accident must have been witnessed by someone other than the owner or operator of the insured vehicle;* provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

S.C.Code Ann. § 38–77–170 (2002)(emphasis added).

In 1987, S.C.Code Ann. § 56–9–850 was amended and recodified as S.C.Code Ann. § 38–77–170. The language of the new statute is essentially identical to the old statute. However, one difference is that the second condition for recovery under the statute was changed in order to provide an alternate method of satisfying that condition. This condition can now be met by either evidence of physical contact with the unknown vehicle or evidence provided by an independent witness to the accident. "The purpose of the second condition [of 38–77–170] [was] to assure adequate proof the accident involved a second unknown vehicle." *Wausau Underwriters Ins. Co. v. Howser,* 309 S.C. 269, 275, 422 S.E.2d 106, 109 (1992) (citing *Coker v. Nationwide Ins. Co.,* 251 S.C. 175, 161 S.E.2d 175 (1968)). "The legislature, by the 1987 amendment, has determined an

independent witness is sufficient to reduce the possibility of false claims." *Id.*

Doe contends Gilliland did not satisfy subsection (2) of S.C.Code § 38–77–170, in that there was no physical contact between the two vehicles, and the testimony offered by Norris was insufficient to satisfy the requirement that the accident be witnessed by someone other than the owner or operator of the vehicle. Doe argues that subsection (2) requires that the witness to the accident provide some evidence, independent of the operator of the vehicle, that an unknown driver's conduct caused or contributed to the accident. Gilliland, on the other hand, avers that the statute does not require the witness to observe the cause of the accident, but instead requires only that the witness observe the actual collision. Accordingly, Gilliland argues Norris's testimony was sufficient to satisfy the requirements of the statute, inasmuch as Norris testified that she witnessed Gilliland's car run off the road and into a tree.

■■■ When interpreting a statute, our primary concern is to determine the legislature's intent, if it can be reasonably discovered in the language of the statute when construed in the light of the statute's intended purpose. "The uninsured motorist legislation is remedial in nature, enacted for the benefit of injured persons, and is to be liberally construed so that the purpose intended may be accomplished." *Franklin v. Devore,* 327 S.C. 418, 421, 489 S.E.2d 651, 653 (Ct.App.1997) (citing *Gunnels v. Am. Liberty Ins. Co.,* 251 S.C. 242, 161 S.E.2d 822 (1968)). "However plain the ordinary meaning of the words used in a statute may be, [we] will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have been intended by the Legislature or would defeat the plain legislative intention." *Collins v. Doe,* 343 S.C. 119, 123–24, 539 S.E.2d 62, 64 (Ct.App.2000).

We find the intent behind the language in the uninsured motorist legislation—that the "accident must be witness[ed] by someone other than the owner ... of the insured vehicle" and the witness must attest "to the facts of the accident"—is that the witness must testify to more than the actual collision itself. The witness must also be able to attest to the circum-

stances surrounding the accident, i.e. what actions of the unknown driver contributed to the accident. To hold otherwise would circumvent the legislative intent of preventing fraudulent claims under the unknown motorist statute. *See Collins*, 343 S.C. at 125, 539 S.E.2d at 65 (finding eyewitness testimony sufficient where witness testified to the existence of an unknown vehicle who failed to yield the right of way and ran driver off the road). *See also* Georgia Uninsured Motorist Statute, Ga.Code Ann. § 33–7–11(b)(2) (2001) ("[I]n order for the insured to recover under the endorsement where the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, actual physical contact must have occurred between the motor vehicle owned or operated by the unknown person and the person or property of the insured. Such physical contact shall not be required if the description by the claimant of how the occurrence occurred is corroborated by an eyewitness to the occurrence other than the claimant."); *Rogers v. Schuman–Mann Supply Co.*, 197 Ga.App. 59, 397 S.E.2d 463, 465 (1990) (interpreting Georgia Uninsured Motorist statute and finding that statutory language required eyewitness corroboration of the description of the accident); *Fisher v. Clarendon Nat. Ins. Co.*, 210 Ga.App. 711, 437 S.E.2d 344, 346 (1993) (finding testimony did not satisfy the "eyewitness" requirements on the Uninsured Motorist Statute when witness did not observe the accident, but only circumstantial evidence of the occurrence).

Norris testified that she pulled up to an intersection and saw the curve from which Gilliland appeared. She testified that "two cars started around the curve." She only saw the headlights of the second car, though she stated she was "convinced it was a car." She added she saw lights shining on Gilliland's bumper but was unable to testify how close the alleged other vehicle was to Gilliland's automobile. Norris's testimony fails to verify the existence of an unknown vehicle, driven by an unknown driver, that caused Gilliland to run off the road into the tree. We find that Norris's testimony was insufficient to meet the requirements of S.C.Code Ann. section 38–77–170.[1]

---

1. In light of our disposition of the above question, we decline to address the remaining issues on appeal.

## CONCLUSION

Accordingly, for the foregoing reasons, the denial of Doe's motion for judgment notwithstanding the verdict is

**REVERSED.**

CURETON, STILWELL and SHULER, JJ., concur.