592 S.E.2d 626

**Angel Ann Brown GILLILAND, Petitioner,**

v.

**John DOE, an unknown motorist, Respondent.**

No. 25777.

Supreme Court of South Carolina.

Heard Dec. 3, 2003.
Decided Jan. 27, 2004.

Bryan D. Ramey, of Bryan D. Ramey & Associates, P.A., of Piedmont and John S. Nichols, of Bluestein & Nichols, of Columbia, for Petitioner.

Samuel C. Weldon, of Clarkson, Walsh, Rheney & Turner, of Greenville, for Respondent.

Chief Justice TOAL:

Angel Gilliland ("Petitioner") sought coverage for personal injuries she sustained from a car accident involving an unknown driver. At trial, Gayle Norris ("Norris") testified that she saw Petitioner's accident. The parties dispute whether this witness testimony implicated the unknown car's involvement in Petitioner's accident. The jury awarded Petitioner actual and punitive damages. Respondent made a motion for JNOV, which was denied. The Court of Appeals later reversed and granted the JNOV on grounds that Norris's testimony did not satisfy S.C.Code § 38–77–170 because she was unable to provide evidence that the unknown car caused Petitioner's accident. *Gilliland v. Doe*, 351 S.C. 497, 570 S.E.2d 545 (Ct.App.2002). Petitioner seeks this Court's review of that ruling.

### FACTUAL/PROCEDURAL BACKGROUND

At trial, Petitioner testified that on the night of March 29, 1996, as she was leaving a grocery store in Greenville, SC, two young men waved at her from a pick-up truck. As she drove from the store, the boys began to follow her.

Soon after Petitioner turned north on Berea Drive, the boys began to closely pursue her vehicle. She testified that they "rode her bumper" for a two-mile stretch. Petitioner sped up in a frightened attempt to get away from the boys' truck. As she accelerated, Petitioner lost control of her car, ran off the road, and hit a tree. Upon impact, she suffered substantial bodily injuries and spent nine days in the hospital.

Petitioner testified that the boys' truck never made contact with her car and that the boys "backed off" once she began to lose control.

The investigating officer testified that when he questioned Petitioner at the scene of the accident, she told him that she was run off the road by an unknown vehicle.

During the accident, Gayle Norris was stopped at a nearby intersection. She testified that she saw the lights of two cars

as the cars came around the curve. She also testified that after the accident, she saw the lights of the car behind Petitioner's "arc through a field" as if it were making a U-turn.

After the jury returned a verdict for Petitioner, Respondent made a JNOV Motion, which Judge Alison Lee denied. The Court of Appeals reversed Judge Lee's ruling and granted the JNOV. Petitioner asks the following on appeal:

**Did the Court of Appeals err when it granted Respondent's JNOV because Norris's testimony did not meet the "independent witness" requirements of § 38–77–170?**

### Law/Analysis

Petitioner argues that the Court of Appeals erred when it granted Respondent's JNOV Motion. We agree.

This Court recently reiterated the standard for appellate review of JNOVs:

... [u]nder the state standard the trial court should not grant JNOV where the evidence yields more than one inference. An appellate court may not overturn the decision of the trial court, under the state standard, if there is any evidence to support the trial court's ruling

*Rogers v. Norfolk Southern Corp.*, 356 S.C. 85, 92, 588 S.E.2d 87, 90 (2003). We have also held that "[i]n ruling on motions for directed verdict or judgment notwithstanding the verdict, the trial court is required to view the evidence and the inferences that reasonably can be drawn therefrom in the light most favorable to the party opposing the motions." *Steinke v. S.C. Dep't of Labor, Licensing and Regulation,* 336 S.C. 373, 386, 520 S.E.2d 142, 148 (1999).

The Legislature first enacted a "John Doe" statute in 1963, recognizing an insured's right to receive uninsured motorist coverage for injuries caused by unknown drivers. Since the statute's enactment, the Legislature placed safeguards within the statute to prevent citizens from bringing fraudulent "John Doe" actions. The initial safeguard was a requirement that the unknown vehicle make "physical contact" with the plaintiff's car. Act No. 312, 1963 S.C. Acts 535.

Then in 1987, the Legislature amended the statute once again to allow insureds to bring a "John Doe" action regardless of physical contact as long as an independent person witnessed the accident. Act. No. 166, 1987 S.C. Acts 1122.

In 1989, the Legislature again amended the statute to require that the independent witness provide the court with a signed affidavit attesting to the unknown vehicle's involvement in the accident.

This Court must now determine to what extent an independent witness must testify about the causal connection between the unknown vehicle and the accident to satisfy the legislature's intent to protect insurance companies from fraudulent claims in "John Doe" actions.

South Carolina Code § 38–77–170 (Supp.2002) provides:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all circumstances, after its occurrence;

(2) the injury or damage was caused by physical contact with the unknown vehicle, or **the accident must have been witnessed by someone other than the owner or operator of the insured vehicle;** provided however, the witness must sign an affidavit **attesting to the truth of the facts of the accident** contained in the affidavit;

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

In *Wausau Underwriters Ins. Co. v. Howser*, 309 S.C. 269, 422 S.E.2d 106, (1992) this Court indicated that the statute required an independent witness to attest to facts that provide at least some causal connection between an unknown driver and the accident. The Court provided that the adequacy of the "causal connection" should pass the same test used in determining whether an injury or damage arose out of the ownership, maintenance, or use of the uninsured vehicle. *Id.*

at 275, 422 S.E.2d at 110. The Court explained that this test regarding the sufficiency of the evidence is "something less than proximate cause and something more than the vehicle being the mere site of the injury." *Id.* at 272, 422 S.E.2d at 108 (citing *Continental Western Ins. Co. v. Klug,* 415 N.W.2d 876 (Minn.1987)).

Based on the test set forth in *Howser,* § 38–77–170(2) may be satisfied even though an independent witness fails to provide a clear answer to the question of proximate cause. *Howser* suggests that § 38–77–170(2) should be interpreted liberally. This Court arguably abandoned a liberal interpretation of § 38–77–170(2) in *Collins v. Doe,* 352 S.C. 462, 574 S.E.2d 739 (2002).

In *Collins,* this Court strictly interpreted § 38–77–170(2). This Court held that while the purpose of the affidavit requirement of § 38–77–170(2) could have been met by witness testimony, the statute specifically required that the plaintiff provide an affidavit of an independent witness.

Here, § 38–77–170(2) provides that an independent witness must attest to "the truth of the facts of the accident." On one hand, *Collins* suggests that we should not apply standards that are not specifically set forth in the statute. On the other hand, the provision in question here is arguably ambiguous (while the affidavit requirement, according to *Collins,* is not); therefore, a strict interpretation of § 38–77–170(2) would undermine the statute's purpose. *See Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994)("However plain the ordinary meaning of the words used in a statute may be, [we] will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have intended by the Legislature or would defeat the plain legislative intention.")

In the case at hand, the Court of Appeals held that the witness must "be able to attest to the circumstances surrounding the accident, i.e., what actions of the unknown driver contributed to the accident." *Gilliland,* 351 S.C. at 500, 570 S.E.2d at 548. We agree that this analysis is consistent with *Howser* and constitutes a fair interpretation of the ambiguous fact requirement of § 38–77–170(2). However, the Court of Appeals found that Norris failed to attest to the existence of

an unknown vehicle. *Gilliland,* 351 S.C. at 498, 570 S.E.2d at 546. We find the record includes sufficient evidence that an unknown vehicle was involved in Petitioner's accident.

In *Marks v. Indus. Life & Health Ins. Co.,* 212 S.C. 502, 505, 48 S.E.2d 445, 446, this Court held that "[t]he attending circumstances along with direct testimony may be taken into account by the jury in arriving at its decision as any fact in issue may be established by circumstantial evidence, if the circumstances, which must themselves be proven lead to the conclusion with reasonable certainty."

We now hold that the testimony of Gayle Norris contained circumstantial evidence that supports Petitioner's testimony that an unknown driver contributed to her accident. Norris's testimony that she saw the lights of an unknown car that was turning around and fleeing the scene of the accident sufficiently corroborates Petitioner's testimony creating a question of fact as to causation for the jury.

## CONCLUSION

We believe that the record includes sufficient circumstantial evidence for the jury to find the requisite causation necessary to satisfy § 38–77–170(2). We therefore reverse the Court of Appeals and reinstate the trial court's judgment for Petitioner.

MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.