634 S.E.2d 45

**Jason SHEALY, Appellant,**

v.

**John DOE, Respondent.**

**No. 4128.**

Court of Appeals of South Carolina.

Heard June 15, 2006.

Decided June 26, 2006.

Rehearing Denied Aug. 25, 2006.

Ralph Shealy Kennedy, Jr., and Robert M. Cook, II, both of Batesburg–Leesville, for Appellant.

David Cooper Cleveland, Thomas J. Keaveny, II, and Bob J. Conley, all of Charleston, for Respondent.

ANDERSON, J.

Jason Shealy appeals the trial court's order dismissing his claim for uninsured motorist (UM) coverage, arguing the trial court erred in (1) finding Shealy failed to comply with the witness affidavit requirement of South Carolina Code Annotated section 38–77–170 (2002); and (2) refusing to treat a letter from Safeco Insurance Company as an admission against interest. We affirm.

## FACTUAL/PROCEDURAL BACKGROUND

On June 7, 2003, Eddie Bolin was driving a pickup truck owned by Dale Leaphart. Shealy and Ronald Cromer sat in the bed of the truck. Bolin swerved abruptly, throwing Shealy and Cromer from the truck. Shealy sustained serious injuries, including a fractured skull. Bolin later explained to Shealy and the police that he swerved to avoid hitting an unknown vehicle.

Shealy filed a complaint against the unknown driver, John Doe, to recover against Safeco, Leaphart's UM carrier. Shealy submitted an affidavit, which he attached and incorporated into the complaint. The affidavit states:

Personally appeared before me, Jason Shealy, who being duly sworn deposes and says as follows:

That he is Jason Shealy and that on or about June 7, 2003, he was a passenger in a pickup truck being driven by Eddie Bolin and, upon information and belief, owned by Dale Leaphart. That the pickup truck was being driven on Highway 391 near Batesburg–Leesville, South Carolina. That Eddie Bolin sharply, unexpectedly and suddenly swerved the truck near the entrance to Leaphart Acres, throwing the affiant and another passenger from the bed of the truck onto the roadway. **That the day following the incident the affiant was told by Eddie Bolin that an unknown vehicle and driver had come onto the roadway in the path of the truck causing Eddie Bolin to sharply and unexpectedly maneuver the truck he was driving to avoid a collision.**

A FALSE STATEMENT CONCERNING THE FACTS CONTAINED IN THIS AFFIDAVIT MAY SUBJECT THE PERSON MAKING THE FALSE STATEMENT TO CRIMINAL PENALTIES AS PROVIDED BY LAW.

(Emphasis added.)

Doe moved to dismiss Shealy's action or, alternatively, to change venue. At the motions hearing, Shealy submitted the affidavit of Ronald Cromer, which contains identical language to Shealy's affidavit. In addition, Shealy submitted a letter from Safeco to his attorney. The letter explained:

[Safeco has] remained consistent in the lack of negligence and lack of liability of Mr. Eddie Bolin, the driver of the automobile in which your client was occupying [sic]. Mr. Bolin's lack of negligence is due to the phantom vehicle which pulled out in front of him and caused the accident. . . .

Shealy argued the letter was an admission against interest.

The trial court granted Doe's motion to dismiss, recognizing its consideration of Cromer's affidavit and Safeco's letter converted Doe's motion to dismiss into one for summary judgment. The court held Shealy failed to comply with the witness affidavit requirement of section 38–77–170(2). Shealy filed a motion to reconsider, which the trial court denied.

## STANDARD OF REVIEW

Pursuant to Rule 12(b)(6), SCRCP, a defendant may make a motion to dismiss a complaint for "failure to state facts

sufficient to constitute a cause of action." Rule 12(b) additionally provides:

If, on a motion asserting the defense numbered (6) to dismiss for failure of the pleading to state facts sufficient to constitute a cause of action, matters outside the pleading are presented to and not excluded by the Court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56[.]

In this case, the trial court considered Cromer's affidavit and the letter from Safeco before granting Doe's motion to dismiss. Accordingly, we review the trial court's order as if it were an appeal from a grant of summary judgment.

When reviewing a grant of summary judgment, the appellate court applies the same standard which governs the trial court under Rule 56(c), SCRCP: summary judgment is proper when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Houck v. State Farm Fire & Cas. Ins. Co.*, 366 S.C. 7, 11, 620 S.E.2d 326, 329 (2005); *Pittman v. Grand Strand Entm't, Inc.*, 363 S.C. 531, 611 S.E.2d 922 (2005); *B & B Liquors, Inc. v. O'Neil*, 361 S.C. 267, 603 S.E.2d 629 (Ct.App.2004); *see* Rule 56(c), SCRCP ("The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."). In determining whether any triable issues of fact exist, the evidence and all reasonable inferences therefrom must be viewed in the light most favorable to the non-moving party. *Helms Realty, Inc. v. Gibson–Wall Co.*, 363 S.C. 334, 611 S.E.2d 485 (2005); *Medical Univ. of South Carolina v. Arnaud*, 360 S.C. 615, 602 S.E.2d 747 (2004); *Rife v. Hitachi Constr. Mach. Co., Ltd.*, 363 S.C. 209, 609 S.E.2d 565 (Ct.App. 2005).

## *LAW/ANALYSIS*

### I. Witness Affidavit Requirement

Shealy argues the trial court erred in holding the affidavits he submitted were insufficient to satisfy section 38–77–170(2) of the South Carolina Code Annotated (2002). We disagree.

Section 38–77–170 provides:

If the owner or operator of any motor vehicle which causes bodily injury or property damage to the insured is unknown, there is no right of action or recovery under the uninsured motorist provision, unless:

(1) the insured or someone in his behalf has reported the accident to some appropriate police authority within a reasonable time, under all the circumstances, after its occurrence;

(2) the injury or damage was caused by physical contact with the unknown vehicle, **or the accident must have been *witnessed* by someone other than the owner or operator of the insured vehicle; provided however, the witness must sign an affidavit attesting to the truth of the facts of the accident contained in the affidavit;**

(3) the insured was not negligent in failing to determine the identity of the other vehicle and the driver of the other vehicle at the time of the accident.

The following statement must be prominently displayed on the face of the affidavit provided in subitem (2) above: A FALSE STATEMENT CONCERNING THE FACTS CONTAINED IN THIS AFFIDAVIT MAY SUBJECT THE PERSON MAKING THE FALSE STATEMENT TO CRIMINAL PENALTIES AS PROVIDED BY LAW.

S.C.Code Ann. § 38–77–170 (2002) (emphasis added). "An insured cannot recover uninsured motorist coverage unless the three conditions under § 38–77–170 are met." *Miller v. Doe,* 312 S.C. 444, 446, 441 S.E.2d 319, 320 (1994).

The primary rule of statutory construction is to ascertain and give effect to the intent of the legislature. *Mid–State Auto Auction of Lexington, Inc. v. Altman,* 324 S.C. 65, 69, 476 S.E.2d 690, 692 (1996). The first question of statutory interpretation is whether the statute's meaning is clear on its face. *Wade v. Berkeley County,* 348 S.C. 224, 229, 559 S.E.2d 586, 588 (2002); *Eagle Container Co., LLC v. County of Newberry,* 366 S.C. 611, 622, 622 S.E.2d 733, 738 (Ct.App. 2005).

When a statute's language is plain and unambiguous, and conveys a clear and definite meaning, the rules of statutory interpretation are not needed, and this Court has no right to

impose another meaning. *See Vaughn v. Bernhardt*, 345 S.C. 196, 198, 547 S.E.2d 869, 870 (2001). "[T]he words of the statute must be given their plain and ordinary meaning without resorting to subtle or forced construction to limit or expand the statute's operation." *Mun. Ass'n of S.C. v. AT & T Communications of S. States, Inc.*, 361 S.C. 576, 580, 606 S.E.2d 468, 470 (2004); *see also Miller*, 312 S.C. at 447, 441 S.E.2d at 321 ("In determining the meaning of a statute, the terms used therein must be taken in their ordinary and popular meaning, nothing to the contrary appearing.").

Section 38–77–170(2) is clear on its face. It expressly requires that someone other than the owner or operator of the insured vehicle **witness** the accident. As stated in *Wausau Underwriters Insurance Company v. Howser*, 309 S.C. 269, 275, 422 S.E.2d 106, 110 (1992), "no physical contact with the unknown vehicle is necessary when a witness other than the owner or driver of the insured vehicle is able to **attest to the facts of the accident.**" (Emphasis added.) *See also Collins v. Doe*, 352 S.C. 462, 470, 574 S.E.2d 739, 744 (2002) ("The plain language of § 38–77–170 requires that where the accident involves no physical contact between the insured's vehicle and the unidentified vehicle, the accident '*must* have been witnessed by someone other than the owner or operator of the insured vehicle' and the 'witness *must* sign an affidavit attesting to the truth of the facts of the accident contained therein.' "). Shealy asserts section 38–77–170(2) does not require the witness affidavit to be based on personal knowledge. This argument directly contravenes the language of the statute. Shealy submitted affidavits of two people who apparently did not witness the accident; their affidavits do not attest to facts they perceived, but merely restate the perceptions of the vehicle's operator. Thus, Shealy produced no evidence that someone other than Bolin, the operator of the insured vehicle, witnessed the accident. Shealy's and Cromer's affidavits do not comply with this express directive.

Shealy's interpretation of section 38–77–170(2) would totally eviscerate the statute's efficacy as it would allow an owner or operator to inform any third-party of the facts of the accident and have that third-party swear out an affidavit as to the owner or operator's version of the events. In *Collins*, our supreme court elucidated that the "obvious purpose" of the

affidavit requirement of section 38–77–170(2) is "fraud prevention." *Collins,* 352 S.C. at 470, 574 S.E.2d at 743. Shealy's reading of the statute would circumvent the fraud-preventing function of subsection (2), rendering that section meaningless.

According to Shealy, requiring the affiant to have witnessed the accident creates an unreasonably harsh result because a sleeping passenger or blind passenger injured by a John Doe driver might be precluded from recovery. Yet the statute indubitably bars an operator and lone occupant of a vehicle from recovery where no contact is made with the unknown driver and where no one else witnesses the accident. In both instances, the result is lamentable to the injured party, but mandated by the statute. Section 38–77–170 demonstrates a policy decision by the legislature which balances the interest of parties injured in accidents with unknown drivers, with the interest of insurance companies in preventing fraudulent claims. Where the legislature determines policy and promulgates a clear rule of law, there is no room for the courts to alter that decision.

Finally, Shealy contends the affidavits comply with *Gilliland v. Doe,* 357 S.C. 197, 592 S.E.2d 626 (2004), because the affidavits he submitted provide circumstantial evidence of the accident. In *Gilliland,* two young men in a truck were closely pursuing Angel Gilliland. As Gilliland sped up to get away from the truck, she lost control of her car and hit a tree. The truck never made contact with Gilliland's vehicle. A witness who was stopped at a nearby intersection testified that she "saw the lights of two cars as the cars came around the curve," and that "after the accident, she saw the lights of the car behind Petitioner's 'arc through the field' as if it were making a U-turn." 357 S.C. at 198–99, 592 S.E.2d at 627. A jury returned a verdict for Gilliland, but we held a witness "must testify to more than the actual collision itself. The witness must also be able to attest to the circumstances surrounding the accident, i.e. what actions of the unknown driver contributed to the accident." *Gilliland v. Doe,* 351 S.C. 497, 501–02, 570 S.E.2d 545, 548 (Ct.App.2002). Accordingly, we reversed the trial court and granted Doe's motion for a judgment notwithstanding the verdict. However, the South Carolina Supreme Court reversed and reinstated the judgment of the trial court.

The supreme court began with a historical review of the unknown driver statute:

The Legislature first enacted a "John Doe" statute in 1963, recognizing an insured's right to receive uninsured motorist coverage for injuries caused by unknown drivers. Since the statute's enactment, the Legislature placed safeguards within the statute to prevent citizens from bringing fraudulent "John Doe" actions. The initial safeguard was a requirement that the unknown vehicle make "physical contact" with the plaintiff's car. Act No. 312, 1963 S.C. Acts 535.

Then in 1987, the Legislature amended the statute once again to allow insureds to bring a "John Doe" action regardless of physical contact as long as an independent person witnessed the accident. Act. No. 166, 1987 S.C. Acts 1122.

In 1989, the Legislature again amended the statute to require that the independent witness provide the court with a signed affidavit attesting to the unknown vehicle's involvement in the accident.

357 S.C. at 199–200, 592 S.E.2d at 627–28.

The question for the *Gilliland* court was "to what extent an independent witness must testify about the causal connection between the unknown vehicle and the accident to satisfy the legislature's intent to protect insurance companies from fraudulent claims in 'John Doe' actions." *Id.* at 200, 592 S.E.2d at 628. The court answered the question with the following analysis:

In *Wausau Underwriters Ins. Co. v. Howser*, 309 S.C. 269, 422 S.E.2d 106, (1992) this Court indicated that the statute required an independent witness to attest to facts that provide at least some causal connection between an unknown driver and the accident. The Court provided that the adequacy of the "causal connection" should pass the same test used in determining whether an injury or damage arose out of the ownership, maintenance, or use of the uninsured vehicle. *Id.* at 275, 422 S.E.2d at 110. The Court explained that this test regarding the sufficiency of the evidence is "something less than proximate cause and something more than the vehicle being the mere site of the

injury." *Id.* at 272, 422 S.E.2d at 108 (citing *Continental Western Ins. Co. v. Klug,* 415 N.W.2d 876 (Minn.1987)).

Based on the test set forth in *Howser,* 38–77–170(2) may be satisfied even though an independent witness fails to provide a clear answer to the question of proximate cause. *Howser* suggests that 38–77–170(2) should be interpreted liberally. This Court arguably abandoned a liberal interpretation of 38–77–170(2) in *Collins v. Doe,* 352 S.C. 462, 574 S.E.2d 739 (2002).

In *Collins,* this Court strictly interpreted 38–77–170(2). This Court held that while the purpose of the affidavit requirement of 38–77–170(2) could have been met by witness testimony, the statute specifically required that the plaintiff provide an affidavit of an independent witness.

Here, 38–77–170(2) provides that an independent witness must attest to "the truth of the facts of the accident." On one hand, *Collins* suggests that we should not apply standards that are not specifically set forth in the statute. On the other hand, the provision in question here is arguably ambiguous (while the affidavit requirement, according to *Collins,* is not); therefore, a strict interpretation of 38–77–170(2) would undermine the statute's purpose. *See Kiriakides v. United Artists Communications, Inc.,* 312 S.C. 271, 275, 440 S.E.2d 364, 366 (1994) ("However plain the ordinary meaning of the words used in a statute may be, [we] will reject that meaning when to accept it would lead to a result so plainly absurd that it could not possibly have intended by the Legislature or would defeat the plain legislative intention.")

In the case at hand, the Court of Appeals held that the witness must "be able to attest to the circumstances surrounding the accident, i.e., what actions of the unknown driver contributed to the accident." *Gilliland,* 351 S.C. at 500, 570 S.E.2d at 548. We agree that this analysis is consistent with *Howser* and constitutes a fair interpretation of the ambiguous fact requirement of 38–77–170(2). However, the Court of Appeals found that Norris failed to attest to the existence of an unknown vehicle. *Gilliland,* 351 S.C. at 498, 570 S.E.2d at 546. We find the record includes sufficient evidence that an unknown vehicle was involved in Petitioner's accident.

*Gilliland,* 357 S.C. at 199–202, 592 S.E.2d at 628–29. The linchpin of the court's ruling was its determination that the witness affidavit contained circumstantial evidence corroborating Gilliland's testimony that an unknown vehicle contributed to her accident:

In *Marks v. Indus. Life Health Ins. Co.,* 212 S.C. 502, 505, 48 S.E.2d 445, 446, this Court held that "[t]he attending circumstances along with direct testimony may be taken into account by the jury in arriving at its decision as any fact in issue may be established by circumstantial evidence, if the circumstances, which must themselves be proven lead to the conclusion with reasonable certainty."

We now hold that the testimony of Gayle Norris **contained circumstantial evidence that supports Petitioner' s testimony** that an unknown driver contributed to her accident. Norris's testimony that she saw the lights of an unknown car that was turning around and fleeing the scene of the accident **sufficiently corroborates** Petitioner's testimony creating a question of fact as to causation for the jury.

*Gilliland,* 357 S.C. at 202, 592 S.E.2d at 629 (emphasis added).

■ "For circumstantial evidence to be sufficient to warrant the finding of a fact, the circumstances must lead to the conclusion with reasonable certainty and must have sufficient probative value to constitute the basis for a legal inference, not for mere speculation." *Gastineau v. Murphy,* 331 S.C. 565, 570 n. 2, 503 S.E.2d 712, 714 n. 2 (1998) (citing *Holland v. Georgia Hardwood Lumber Co.,* 214 S.C. 195, 204–05, 51 S.E.2d 744, 749 (1949)).

Circumstantial evidence means proof that does not actually assert or represent the proposition in question, **but that asserts or describes something else,** from which the trier of fact may either (1) reasonably infer the truth of the proposition, in which case the evidence is not only relevant under Rule 401 but is sufficient as well, or (2) at least reasonably infer an increase in the probability that the proposition is in fact true, in which case the evidence is relevant under Rule 401 (assuming that the proposition is of consequence to the determination of the action) but may not be sufficient by itself to create a question for the trier of fact to decide.

29 Am.Jur.2d *Evidence* 313 (1994) (emphasis added) (footnotes omitted).

Unlike in *Gilliland*, the affidavits submitted by Shealy do not contain circumstantial evidence supporting the driver's version of the accident. Shealy failed to corroborate the driver's account. In *Gilliland*, the court found "the testimony of Gayle Norris contained circumstantial evidence that **supports** Petitioner's testimony." 357 S.C. at 202, 592 S.E.2d at 629 (emphasis added). Contradistinctively, Shealy's affidavits merely repeat the driver's account and fail to provide **any** support for his assertions.

The purpose of section 38–77–120(2) is to prevent fraud. Concomitantly, the affidavit of the independent witness must contain some independent evidence that an unknown vehicle was involved in the accident. Shealy failed to satisfy the statute's mandate; thus, the court properly granted summary judgment.

## II. Admission Against Interest

■ Shealy contends the trial court erred in granting summary judgment to Doe because Safeco's letter constituted an admission against interest. The trial court did not rule on this issue, and Shealy did not raise it in a Rule 59, SCRCP, motion. Therefore, this issue is not preserved. *See Noisette v. Ismail,* 304 S.C. 56, 58, 403 S.E.2d 122, 124 (1991) (finding where "the circuit court did not explicitly rule" on an argument, and no Rule 59(e) motion was made, "the issue was thus not properly before the Court of Appeals and should not have been addressed"); *Jones v. State Farm Mut. Auto. Ins. Co.,* 364 S.C. 222, 235, 612 S.E.2d 719, 726 (Ct.App.2005) ("An issue is not preserved where the trial court does not explicitly rule on an argument and the appellant does not make a Rule 59(e) motion to alter or amend the judgment."); *McCall v. State Farm Mut. Auto. Ins. Co.,* 359 S.C. 372, 381, 597 S.E.2d 181, 186 (Ct.App.2004) (holding an issue must be raised to and ruled upon by the trial court to be preserved for appellate review).

■ Additionally, Shealy fails to cite any case law for this proposition and makes only conclusory arguments in support thereof. Thus, Shealy has abandoned this issue on appeal.

See *Mulherin–Howell v. Cobb*, 362 S.C. 588, 600, 608 S.E.2d 587, 593–94 (Ct.App.2005) (noting when an appellant fails to cite any supporting authority for his position and makes conclusory arguments, the appellant abandons the issue on appeal). Accordingly, we decline to address this issue.

## CONCLUSION

We hold Shealy failed to comply with the witness affidavit requirement of section 38–77–170(2). Furthermore, Shealy failed to preserve the issue of whether Safeco's letter should be considered an admission against interest that precludes a grant of summary judgment. The trial court's order is

**AFFIRMED.**

HEARN, C.J., and GOOLSBY, J., concur.