**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

A.M. Kelly Grove, Appellant,

v.

South Carolina Department of Health and Environmental Control, BabyNet, Debra M. McCoy, in both her official and individual capacities, and Office of South Carolina First Steps to School Readiness, Respondents.

Appellate Case No. 2011-195626

———————

Appeal From Dorchester County
Diane Schafer Goodstein, Circuit Court Judge

———————

Unpublished Opinion No. 2013-UP-322
Heard December 12, 2012 – Filed July 17, 2013

———————

**AFFIRMED**

———————

Seth Warren Whitaker, Brian C Duffy, and J. Rutledge Young, III, all of Duffy & Young, LLC, of Charleston, for Appellant.

Alissa Robyn Collins and James A. Stuckey, Jr., both of Stuckey Law Offices, LLC, of Charleston, for Respondents.

**PER CURIAM:**  A.M. Kelly Grove appeals the order of the trial court granting Debra M. McCoy, Ph.D., judgment notwithstanding the verdict on Grove's defamation claim.  In addition, Grove appeals the trial court's granting of partial summary judgment and a directed verdict to the South Carolina Department of Health and Environmental Control (DHEC), BabyNet, and McCoy, both individually and in her official capacity, on her 42 U.S.C. § 1983 claims.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

(1)     As to Grove's defamation claim: *Swinton Creek Nursery v. Edisto Farm Credit*, 334 S.C. 469, 484, 514 S.E.2d 126, 134 (1999) (stating that under the defense of a conditional or qualified privilege "one who publishes defamatory matter concerning another is not liable for the publication if (1) the matter is published upon an occasion that makes it conditionally privileged, and (2) the privilege is not abused"); *Fountain v. First Reliance Bank*, 398 S.C. 434, 444, 730 S.E.2d 305, 310 (2012) ("An abuse of the privilege occurs in one of two situations: (1) a statement made in good faith that goes beyond the scope of what is reasonable under the duties and interests involved or (2) a statement made in reckless disregard of the victim's rights."); *Hanahan v. Simpson*, 326 S.C. 140, 149, 485 S.E.2d 903, 908 (1997) (stating verdicts may not be permitted to rest upon surmise, conjecture, or speculation); *Shealy v. Doe,* 370 S.C. 194, 204, 634 S.E.2d 45, 50 (Ct. App. 2006) ("For circumstantial evidence to be sufficient to warrant the finding of a fact, the circumstances must lead to the conclusion with reasonable certainty and must have sufficient probative value to constitute the basis for a legal inference, not for mere speculation").

(2)     As to Grove's § 1983 claim: *Sloan v. S. Carolina Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 483, 636 S.E.2d 598, 614-15 (2006) ("The right to hold specific employment and the right to follow a chosen profession free from unreasonable governmental interference come within the liberty and property interests protected by the Due Process Clause [of the Fourteenth Amendment]. The liberty interest at stake is the individual's freedom to practice his or her chosen profession; the property interest is the specific employment.") (alteration in original); *Jackson v. Long*, 102 F.3d 722, 730 (4th Cir. 1996) (stating defamation alone does not constitute a constitutional deprivation but rather "the unjustified state action must so seriously damage the plaintiff's reputation and standing in his community as to foreclose his freedom to take advantage of other employment opportunities"); *Ridpath v. Bd. of Governors Marshall Univ.*, 447 F.3d 292, 308 (4th Cir. 2006) (stating the type of communication that gives rise to a protected

liberty interest implies "the existence of serious character defects such as dishonesty or immorality" as distinguished from statements that simply allege "incompetence"); *id.* at 312 (stating that in order to invoke due process protections, a charge of a serious character defect must be publicly disclosed); *Hanahan v. Simpson*, 326 S.C. at 149, 485 S.E.2d at 908 (stating verdicts may not be permitted to rest upon surmise, conjecture or speculation).

**AFFIRMED.**

**HUFF, THOMAS, and GEATHERS, JJ., concur.**