**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Bank of America, N.A. Respondent,

v.

Johnson D. Koola, First Citizens Bank and Trust Company,Inc., f/k/a First Citizens Bank and Trust Company of South Carolina, and Cambridge Lakes Condominium Homeowners Association Inc., f/k/a Cambridge Lakes Horizontal Property Regime, Defendants,

Of whom Johnson D. Koola is the Appellant.

Appellate Case No. 2014-001323

Appeal From Charleston County
Mikell R. Scarborough, Master-in-Equity

Unpublished Opinion No. 2016-UP-071
Submitted January 1, 2016 – Filed February 17, 2016

**AFFIRMED**

Johnson D. Koola, of Mt. Pleasant, pro se.

Dean Anthony Hayes, of Hayes Law, LLC; and Robert Powell Jackman, both of Columbia, for Respondent.

**PER CURIAM:**  Johnson D. Koola appeals the master-in-equity's order granting Bank of America's (BOA's) motion for summary judgment as to Koola's counterclaims and denying Koola's motion for sanctions.  Koola argues the master (1) erred in determining Koola had no standing to assert his counterclaims; (2) erred in determining the statute of limitations barred Koola's counterclaims; (3) erred in determining BOA owed Koola no duty of care; (4) erred in denying Koola's motion for sanctions; and (5) violated state constitutional provisions by failing to consider federal statutes and a state supreme court administrative order. We affirm pursuant to Rule 220(b), SCACR, and the following authorities.

As to issue one:  *McMaster v. Dewitt*, 411 S.C. 138, 143, 767 S.E.2d 451, 453 (Ct. App. 2014) ("In reviewing a decision to grant summary judgment, [the appellate court] appl[ies] the same standard as the circuit court."), *cert. denied*, (July 2, 2015); Rule 56(c), SCRCP (requiring the court grant a moving party summary judgment when "there is no genuine issue as to any material fact"); *McMaster*, 411 S.C. at 143, 767 S.E.2d at 453 ("In determining whether any triable issue of fact exists, the evidence and all inferences which can reasonably be drawn therefrom must be viewed in the light most favorable to the nonmoving party." (quoting *Quail Hill, LLC v. Cty. of Richland,* 387 S.C. 223, 235, 692 S.E.2d 499, 505 (2010))); 11 U.S.C.A. § 301(a) (Supp. 2015) (permitting the voluntary commencement of a Chapter 7 bankruptcy); 11 U.S.C.A. § 541(a)(1) (2004) (providing a § 301 case creates an estate comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"); *Cain v. Hyatt*, 101 B.R. 440, 441-42 (Bankr. E.D. Pa. 1989) ("Courts have uniformly held that the broad scope of § 541 encompasses causes of action existing at the time of the commencement of the bankruptcy action."); *id.* at 442 ("[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed.  Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action."); *Locapo v. Colsia*, 609 F. Supp. 2d 156, 159 (D.N.H. 2009) ("[O]nce a bankruptcy case closes through administration of the estate, the debtor loses his rights in a cause of action he had at the time he sought bankruptcy protection but nevertheless failed to list on his schedule."); *id.* (holding that property stays with the bankruptcy estate if it was listed in the schedule but not formally abandoned by the trustee); *In re Schmid*, 54 B.R. 78, 80 (Bankr. D. Or. 1985) (noting formal abandonment requires notice and opportunity for a hearing).

As to issues two, three, and four:  *Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (finding it unnecessary to address remaining issues when disposition of a prior issue is dispositive).

As to issue five: *Shealy v. Doe*, 370 S.C. 194, 205, 634 S.E.2d 45, 51 (Ct. App. 2006) (finding an issue abandoned on appeal when the appellant failed to cite supporting authority for his position and made conclusory arguments).

**AFFIRMED.**[1]

**THOMAS, GEATHERS, and MCDONALD, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.